IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILEAD SCIENCES, INC.,<br>HOFFMANN-La ROCHE INC.,<br>F. HOFFMANN-La ROCHE LTD.<br>and GENENTECH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NATCO PHARMA LIMITED<br>and NATCO PHARMA INC.,<br><br>Defendants. | C.A. No. 1:11-cv-01455-SDW-MCA<br>consolidated with<br>C.A. No. 2:11-cv-04969-SDW-MCA |

**[PROPOSED] ORDER**

IT IS on this 6th day of May, 2013, hereby **ORDERED**:

1. The Stipulation and Order filed by the parties herewith (the "Stipulation") is, in all things, **ADOPTED**;

2. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court hereby enters final judgment as to the validity of claims 1-7 and as to infringement of claims 2 and 3 of U.S. Patent No. 5,763,483 (the "'483 patent"). The only unadjudicated claims relate to Plaintiffs' assertions of infringement over claims 1 and 4-7 of the '483 patent;

3. This Court finds the present case appropriate for certification under Rule 54(b). First, Defendants' claim for invalidity of the '483 patent is a cognizable claim for relief. Second, there is no just reason for delaying appeal because this Court has ruled that Defendants' only invalidity defense on the '483 patent, obviousness-type double patenting, is incorrect as a matter of law, thus resolving validity of the '483 patent for purposes of appeal. Specifically, this Court's December 21, 2012 Opinion (D.I. 67) and Order (D.I. 68) (the "Opinion and Order")

held that U.S. Patent No. 5,952,375 (the "'375 patent") does not qualify as a prior art reference against the '483 patent for purposes of obviousness-type double patenting. Third, the only unadjudicated claims – Plaintiffs claims of infringement over claims 1 and 4-7 of the '483 patent – are narrow in scope and moot if Defendants' appeal is unsuccessful. Fourth, there is no possibility that any appellate court will be obliged to consider the issue as to whether the '375 patent qualifies as a prior art reference against the '483 patent for purposes of obviousness-type double patenting raised in Defendants' appeal a second time, inasmuch as it presents a unique and dispositive issue of law controlling the outcome of this case;

4. In accordance with the Stipulation, judgment of infringement of claims 2 and 3 of the '483 Patent by Defendants is **GRANTED**;

5. In accordance with the Stipulation, Plaintiffs' claims of infringement of claims 1 and 4-7 of the '483 patent are **STAYED** pending disposition of any appeal by Defendants of the Opinion and Order;

6. In accordance with the Stipulation, all of Defendants' pending counterclaims in this case are **STAYED** pending disposition of any appeal by Defendants of the Opinion and Order (with the exception of the portion of Defendants' counterclaim seeking a declaration of noninfringement of claims 2 and 3, which will be **DISMISSED** with prejudice); and

7. Based on the Court's express determination, pursuant to the provisions of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delaying an appeal of this Court's ruling on Summary Judgment, the Court directs the Clerk to issue a final judgment in favor of Plaintiffs on (i) Plaintiffs' claim for infringement of claims 2 and 3 of the '483 patent and (ii) Defendants' counterclaim for invalidity of the '483 patent. If the '375 patent is found to qualify as a prior art reference against the '483 patent for obviousness-type double patenting

purposes, Defendants' counterclaim for invalidity of the '483 patent shall be reinstated in its entirety.

_____
Susan D. Wigenton, U.S.D.J.